REDMANN, Judge,
dissenting.
“When you say Budweiser, you’ve said it all!” is but an advertising slogan. Yet it makes as much sense as plaintiff’s argument: when you say “use of said property shall be limited to residential purposes,” you’ve said it all — including “no home occupations.” Slogan-value aside, the truth is you have said little: only that the land is to be used for residences — not stores, not office buildings, not factories — nothing but residences.
You haven’t even said “no Double Cottages or Duplexes or Apartments,” you agree, because you had to say that in another restriction in the same document.
You haven’t said “no advertising signs or billboards,” because you had to say that in another restriction.
In fact, you haven’t even said “no cows or hogs” — you had to say that in another restriction, too!
If the subdivider understood “residential purposes” not to exclude cows and hogs in 1946, did he understand it to exclude doctors and lawyers?
Does a lawyer’s incidental use of his residence (within the 15% of space limitation of the local zoning ordinance) to receive telephone calls or mail from clients, or to entertain clients “socially”, or to read his advance sheets, or to work on briefs at night violate that land use limitation to “residential purposes”? Or does violation occur upon an undisguised business visit by one or more clients?
“Residential purposes” has, from time immemorial, been understood in this metropolitan area to include home occupations such as professional practice. Zoning ordinances in this area (while not overriding narrower restrictive covenants) have always allowed home professional practice in the most restrictive residential areas. The drafter of the restrictive covenants in Wax v. Woods, La.App. 4 Cir. 1968, 209 So.2d 329, writ refused 252 La. 467, 211 So.2d 330, still understood “residential purposes” to allow professional practice as late as 1960 (14 years after our restrictions) because his restrictions to “residential purposes” nevertheless permitted “one professional sign of one square foot,” clearly indicating (as Wax held) that, to that drafter’s understanding, “residential purposes” included professional practice in one’s home.
One can well sympathize with neighbors’ desire for the extension of their homes’ privacy, tranquillity and security throughout their whole subdivision. But a limitation of land use to “residential purposes”, especially more than 30 years ago, did not express that desire to the extent that plaintiff urges today. It did not say then and therefore does not mean now that a lawyer or a doctor may not practice his profession in his home, any more than it said or means that a professional artist may not paint or that a professional writer may not write in his own home.
“No home occupations” could have been said as easily, and with at least as much reason, 33 years ago, as “nor shall cows or hogs be kept thereon.” “Residential purposes” didn’t say it.